UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL TROY LAFLEUR | : | DOCKET NO. 10-1537 |
| VS. | : | JUDGE TRIMBLE |
| CALCASIEU PARISH, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a "Motion in Limine" (R. #46) filed by defendants, Sergeant Todd Ory, Sergeant J. Lognion, and Corporal K. Fontenot, who seek to exclude the testimony and any documents of plaintiff's treating physician, Dr. Lynn Foret about causation and future treatment. The basis for the exclusion is that plaintiff failed to submit an expert report to defendants pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Defendants cite Tolliver v. U-Haul Company of Texas,[1] wherein the district judge ultimately concluded that because expert reports of the treating physicians were not timely provided, any testimony beyond the confines of their role as the plaintiff's orthopedic surgeon or treating physician was excluded. The court notes that in the Tolliver case, plaintiff sought treatment from these physicians as a result of a referral from his attorney. The Tolliver court recognized that "when an attorney refers a physician to a client, the physician crosses the line from a treating physician into the realm of a specially retained expert whose report must be provided."[2] In the instant case, plaintiff sought treatment from Dr. Foret

---

[1] 2011 WL 3626328 (W.D. La. 2011).

[2] Id. at *3.

immediately after the incident in question and without any referral from his attorney.

The Advisory Committee Notes accompanying the 1993 Amendments explain the following regarding the interaction between subparts (A) and (B) of Federal Rule of Civil Procedure 26(a)(2):

> The requirement of a written report in paragraph (2)(B), however applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

The court finds that Dr. Foret was not retained or specially employed to provide expert testimony as indicated in Federal Rule of Civil Procedure 26(a)(2)(B), and as such, a written report is not required. The court notes the provisions pursuant to arguments by defense counsel, specifically, the provisions of Rule 26(a)(2)(C). In the telephone conference regarding this motion, defense counsel admitted that he had been furnished copies of Dr. Foret's record. These records should clearly reveal the doctor's diagnosis and treatment of the plaintiff. It is axiomatic that treating physicians in such circumstances have opinions regarding causation, residual disability if any, etc. and routinely testify of same at trial. This is not a case where the expert's identity and nature of diagnosis and treatment were not divulged in advance to opposing counsel. There was adequate opportunity for defense counsel to depose Dr. Foret and/or obtain an independent medical evaluation on behalf of defendants. Under these circumstances, the court holds that Dr. Foret is not and was not required to provide a written report conforming to any of the specifications set forth in Rule 26 of the Federal Rules of Civil Procedure. At trial, he will be permitted to testify concerning the full spectrum of subjects customarily addressed by treating physicians in their testimony. Accordingly, it is

ORDERED that the motion in limine is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of November, 2011.

                                                        JAMES T. TRIMBLE, JR.
                                                        UNITED STATES DISTRICT JUDGE